[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a May 6, 1997 judgment entry of the Lucas County Court of Common Pleas in which the court sentenced appellant, James Collignon, to the maximum prison terms provided by statute for one count of aggravated vehicular homicide and for two counts of aggravated vehicular assault. The court ordered that appellant serve the sentences consecutively. Appellant offered no contest pleas to each count. The trial court accepted his pleas and found him guilty of each count before imposing the sentences appellant now appeals.
Appellant has presented one assignment of error that reads:
"ASSIGNMENT OF ERROR NUMBER ONE:
 THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING THE APPELLANT TO THE MAXIMUM TERM OF INCARCERATION."
We now consider the arguments presented in support of and in opposition to the assignment of error.
Appellant contends that the trial court erred when it imposed the maximum sentences against him because nothing in this case supports a finding that he committed the worst form of the offenses of aggravated vehicular homicide and aggravated vehicular assault. Appellant also argues that the record does not show that appellant poses the greatest likelihood of committing future crimes.
Appellee responds that the trial court correctly applied the new statutory factors to determine an appropriate sentence. Appellee states that the record shows that the trial court did not abuse its discretion when it ordered that appellant serve the maximum sentences for his crimes.
As this court has already noted, under the new sentencing laws now in effect in this state, the public policy reasons for felony sentencing are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). Furthermore, the sentence imposed must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).
In this case, the trial court was required by statute to impose a prison term for appellant's crimes of aggravated vehicular homicide and aggravated vehicular assault. See R.C.2929.13(F)(3); R.C. 2903.06(A)(B) and (C); and R.C. 2903.08(A)(B) and (C). Because the trial court was required to impose a prison term pursuant to R.C. 2929.13(F)(3), the provisions of R.C.2929.14 also apply in this case. R.C. 2929.14 states, in pertinent part:
 "(A) Except as provided in division (C), * * * of this section * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter and is not prohibited by division (G)(1) of section 2929.13
of the Revised Code from imposing a prison term on the offender, the court shall impose a definite prison term that shall be one of the following:
"* * *
 "(3) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.
 "(4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months."
"* * *
 "(B) Except as provided in division (C) * * * of this section or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
The trial court in this case chose to impose the maximum sentence upon appellant for each of his crimes, and ordered the sentences to be served consecutively.
The trial court stated in its sentencing judgment entry that pursuant to R.C. 2929.14(B), "the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public and therefore imposes a greater term * * *." The trial court further stated:
 "Pursuant to R.C. 2929.14(C), the Court finds that Defendant has committed the worst form of the offense, and poses the greatest likelihood of recidivism; AND THEREFORE imposes the maximum sentence for this offense. The Court further finds the Defendant is not amendable [sic] to Community Control and that prison is consistent with the purposes of R.C. 2929.11."
The trial court was clearly vested with discretion to impose a maximum sentence after it determined that the factors listed in R.C. 2929.14 (B) and (C) existed in this case. This court will not disturb the conclusion of the trial court unless the trial court abused its discretion. See State v. Cooks
(Dec. 31, 1997), Sandusky App. No. S-97-026, unreported. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
The record in this case shows that appellant was driving drunk on the evening of December 14, 1996. He had three passengers in his car; another adult, a three-year old boy, and a nineteen month old girl. He was followed by officers from the Lucas County Sheriff's Department, who noticed his erratic driving. The officers had their flashing cruiser lights and alarms activated.
While being pursued by the officers, appellant drove his car across the center line of a busy road in Toledo, Ohio and caused a head-on collision with another car. The second car contained an adult driver and three small children. One of the small children, a girl who had just turned seven years old a few days earlier, died shortly after her arrival at the hospital as a result of injuries she sustained from the accident appellant caused.
Both passengers in appellant's car were also injured. The three-year old boy suffered from internal injuries that caused him to be listed in serious condition at the hospital. The other adult passenger had serious head injuries and a broken jaw.
As the trial court noted at the sentencing hearing, appellant had a history of seven previous convictions for driving under the influence of alcohol. At the time of the accident he was purposely fleeing from police officers. Furthermore, appellant was driving without a license.
Based upon this information and the disclosable information contained in the presentence report that was reviewed by this court pursuant to R.C. 2953.08(F)(1), this court cannot find that the trial court erred when it ruled that appellant committed the worst form of the offense and that he poses the greatest likelihood of recidivism. This court also finds that the record supports the trial court's finding that the shortest prison term possible would demean the seriousness of the offense and would not adequately protect the public. Accordingly, the trial court did not abuse its discretion when it imposed the maximum sentences available for appellant's crimes. Appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _________________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.